IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NICOLE TOUSSAINT and
VERONICA ROMAN, individually and
on behalf of all others similarly situated,

        Plaintiffs,

v.

HANESBRANDS, INC.,

        Defendant.

1:22-cv-00879

CLASS ACTION

## ORDER GRANTING FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT

LORETTA C. BIGGS, District Judge.

Before the Court is Plaintiffs' Motion requesting that the Court enter an Order granting Final Approval of the class action Settlement involving Nicole Toussaint and Veronica Roman ("Plaintiffs" or "Representative Plaintiffs"), individually and on behalf of the proposed Settlement Class, and Defendant Hanesbrands Inc. ("HBI" or "Defendant") (collectively, the "Parties"), (ECF No. 47), as fair, reasonable, and adequate.

This Court, having jurisdiction over all claims in this Action and all Parties hereto, having reviewed and considered the Settlement Agreement and the Motion for Final Approval of the Settlement and having conducted a Final Approval Hearing, grants the relief set forth below and approves the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

The Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

The Court being required under Federal Rule of Civil Procedure Rule 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. The Settlement includes allegations in Plaintiffs' Consolidated Class Action Complaint involving a data security incident that targeted Defendant. Plaintiffs claim that Defendant failed to safeguard and protect the personally identifiable information and/or protected health information of Settlement Class Members and that this alleged failure caused injuries to Plaintiffs and the Class.

2. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3. Unless otherwise noted, capitalized terms in this Order have the same meaning as set forth in the Settlement Agreement.

4. On November 5, 2024, the Court entered an Order, which among other things; (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement, (b) provisionally certified a class in this matter for settlement purposes only, including defining the Class, appointed Plaintiffs as the Settlement Class Representatives and appointed Settlement Class Counsel, (c) preliminarily approved the Settlement, (d) set deadlines for opt-outs and

objections, (e) approved and appointed the Claims Administrator and (f) set the date for the Final Approval Hearing.

5. In the Order Granting the Motion for Preliminary Approval of Class Settlement Agreement, pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e), for settlement purposes only, the Court certified the Settlement Class, defined as follows:

**Settlement Class**

All individuals whose PII was compromised in a ransomware attack against HBI, discovered by HBI on May 24, 2022.

The Settlement Class specifically excludes: (1) the Judge presiding over this Action, and members of her direct family, (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors, and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants Final Approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, deems the class definition in Plaintiffs' Consolidated Amended Class Action Complaint amended to conform to this definition, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure Rule 23. The Settlement Agreement, attached to the Motion for Preliminary Approval, is incorporated fully herein by reference. The definitions used in the Settlement Agreement are adopted in this Order and shall have the same meaning ascribed in the Settlement Agreement.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

a. Settlement Class Members may claim reimbursements for documented out-of-pocket losses that were more likely than not incurred as a result of the Data Incident, are actual, are not otherwise recoverable through insurance, and have not already been reimbursed by a third party. These losses are uncapped at the individual level, but are subject to an aggregate cap of $100,000;

b. In addition to reimbursements for documented Out-of-Pocket losses, Settlement Class Members may choose one of three forms of additional relief, which are not subject to any aggregate caps:

   i. <u>Credit and Identity Monitoring Services:</u> Settlement Class Members may claim two-years of credit and identity monitoring services, including up to $1 million of identity theft insurance, provided through Experian's IdentityWorks membership; or

   ii. <u>Hanes Site Credit:</u> Settlement Class Members may claim a Hanes one-time use site credit to purchase products for sale on the www.hanes.com website, in the amount up to $50.00 plus free shipping (valued at $6.99), for a total value of $56.99; or

   iii. <u>Alternative Cash Payment</u>: Settlement Class Members may claim an alternative cash payment of $35.00.

c. Defendant has also taken steps, and will take steps to implement equitable relief in the form of additional security measures for a period of two (2) years, to the extent not already implemented, including:

   i. Defendant will undertake measures to secure or securely destroy all information that was subject to and subsequently resecured in the Data Incident once it is no longer needed for legitimate business purposes.

   ii. Defendant will conduct a tabletop exercise.

   iii. Defendant will review and consider further enhancements to Defendant's incident response process annually.

   iv. Defendant will continue to provide annual security awareness training for all Defendant employees involved with consumer and employee data sharing and data transfer activities, to cover industry best practices for data security and privacy.

   v. Defendant will continue to monitor the dark web for indications of fraudulent activity related to the Data Incident.

d. Defendant to pay all Notice and Administration Costs;

e. Defendant to pay a Court-approved amount for attorneys' fees in the amount of $475,000, costs to Settlement Class Counsel of $26,457.20; and

f. Defendant to pay Court-approved Service Awards to Representative Plaintiffs not to exceed $1,600 per Plaintiff.

8. The terms of the Settlement Agreement are fair, reasonable, and adequate, in the best interests of the Settlement Class, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

9. Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Service Award payment to Plaintiffs have been provided to Settlement Class Members as directed by this Court's Orders, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

10. The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(e). Commencing on December 4, 2024, pursuant to the Settlement Agreement and the Preliminary Approval Order, Apex Class Action LLC ("Apex"), as the Settlement Administrator, provided Notice to Settlement Class Members in compliance with the Settlement Agreement and the Notice Program, due process and Rule 23 of the Federal Rules of Civil Procedure.

11. The Court finds that the Claims Administrator's Notice fully and accurately informed Settlement Class Members about the Litigation and the existence and terms of the Settlement Agreement, advised Settlement Class Members of all terms of the Settlement, advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed Settlement, provided procedures for Settlement Class Members to file written objections to the proposed Settlement, to appear at the Final Approval Hearing, and to state objections to the proposed Settlement, and provided the time, date, and place of the Final Approval Hearing.

12. As of the final date of the Opt-Out Period, five (5) potential Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement. Those persons are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

13. On March 10, 2025, the Court held a Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate and whether judgment should be entered dismissing this Litigation with prejudice. The Court reviewed Plaintiffs' Motion for Final Approval, Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Service Awards and all supporting materials, including but not limited to the Settlement Agreement, all objections filed with or presented to the Court, and the Parties' responses to any objections. The Court also considered the oral argument of counsel and any objectors who appeared. All persons who did not object to the Settlement in

the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

14. The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Settlement Agreement was negotiated at arm's length, in good faith and without collusion, by capable and experienced counsel with full knowledge of the facts, the law, and the risks inherent in litigating the Litigation, and with the active involvement of the Parties. Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and/or uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

15. The Court finally and unconditionally grants approval of the Settlement Agreement in full. This Final Approval Order and Judgment shall have a res judicata effect and bar the Plaintiffs and Each Settlement Class Member who did not timely opt out from bringing any action against Defendant or the Released Parties asserting any of the Released Claims as provided in the Settlement Agreement.

16. The Court incorporates its conclusions in the Preliminary Approval Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

17. The Court grants final approval of the appointment of Nicole Toussaint and Veronica Roman as the Class Representatives and concludes that they have fairly and adequately represented the Settlement Class and shall continue to do so.

18. The Court awards $1,600 to each of the Representative Plaintiffs as service awards. The Court finds these amounts are justified by their service to the Settlement Class. Payment shall be made pursuant to the procedures in the Settlement Agreement.

19. The Court grants final approval of the appointment as Class Counsel to: Gary E. Mason, Mason LLP, 5335 Wisconsin Ave., NW, Ste. 640, Washington, District of Colombia, 20015; and Scott Cole, Cole & Van Note, 555 12th Street, Ste. 2100, Oakland, California 94607.

20. The Court awards Class Counsel a total of $475,000 in combined attorneys' fees, expenses, and costs. The Court finds these amounts to be fair and reasonable. Payment shall be made pursuant to the procedures set forth in the Settlement Agreement.

21. Pursuant to the Settlement Agreement, Defendant, the Claims Administrator, and (as necessary) the Claims Referee shall implement the Settlement in the manner and time frame as set forth therein.

22. Pursuant to Settlement Agreement Section 6 and upon the Effective Date, Plaintiffs and Settlement Class Members shall have released all Released Claims (including Unknown Claims) against Defendant and all Released Parties as set forth in the Settlement Agreement.

23. On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, Settlement Class Members release, acquit, and forever discharge Defendant and its Related Entities, including, but not limited to any past or present

agents, subsidiaries, parents, and affiliates, and their respective employees, officers, directors, shareholders, partners, members, managers, owners, heirs, executors, attorneys, representatives, predecessors, successors, insurers (including excess insurers and reinsurers), sureties ("Released Persons"), and/or subrogees and assigns from any of the foregoing from any and all Released Claims. "Released Claims" shall collectively mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any law (including federal law, state law, common law, contract, rule, or regulation) or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, monetary or nonmonetary, that have been pled in the Litigation, or that could have been pled in the Litigation and/or the complaints filed in the lawsuits filed individually by Plaintiffs that ultimately resulted in the consolidated Litigation, including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality including claims of negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; intrusion into private affairs; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; breach of the covenant of good faith and fair dealing; unfair or deceptive business practices; failure to protect confidential information; statutory or common law claims for breaches of confidentiality and/or privacy; and failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement,

9

declaratory relief, equitable relief, attorneys' fees and expenses, prejudgment interest, credit monitoring services, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the complaints filed in the Litigation and/or the complaints filed in the lawsuits filed individually by Plaintiffs that ultimately resulted in the consolidated Litigation. Released Claims shall include Unknown Claims. Released Claims shall not include the right of any Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Class Members who have timely excluded themselves from the Class.

24. Defendant shall pay all costs of the Settlement, including all awards and payments to Settlement Class Members, costs of Claims Administration, the Attorneys' Fees and Expenses Award to Class Counsel, and the Representative Plaintiffs' service awards.

25. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Litigation.

26. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by any Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment.

27. Consistent with the Settlement Agreement, if the Effective Date does not occur for any reason, the following will occur: (a) the Final Approval Order and Judgment and all of its provisions will be vacated, including, but not limited to, the Attorneys' Fees and Expenses Award and the Representative Plaintiffs' Service Awards, and the Final Approval Order and Judgment will not waive, release, or otherwise impact the Parties' rights or arguments in any respect, and (b) the Litigation will revert to the status that existed before the Settlement Agreement's execution date, and the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into. No term or draft of the Settlement Agreement, or any part of the Parties' Settlement discussions, negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the Litigation.

**IT IS SO ORDERED.**

This, the 23rd day of June 2025.

/s/ Loretta C. Biggs
Senior United States District Judge